**IN THE UNITED STATE DISTRICT COURT**
**NORTHERN DISTRICT OF WEST VIRGINIA, CLARKSBURG DIVISION**

**WATERFRONT FAMILY PHARMACY LLC,**

    **Plaintiff,**

**V.**

**OPTUMRX, INC., EXPRESS SCRIPTS, INC.,**
**CAREMARK PHC, LLC d/b/a CVS**
**CAREMARK, AND HUMANA PHARMACY**
**SOLUTIONS, INC.,**

    **Defendants.**

**CIVIL ACTION NO.** 1:25-cv-29

**THE HONORABLE** Kleeh

> ELECTRONICALLY
> FILED
> 3/31/2025
> U.S. DISTRICT COURT
> Northern District of WV

**COMPLAINT FOR DECLARATORY,**
**STATUTORY AND INJUNCTIVE RELIEF**

This Complaint is brought for the Defendants willful, intentional and systematic violation of the *West Virginia Pharmacy Audit Integrity Act*, most particularly *West Virginia Code* § 33-51-9(f).

**PARTIES**

1. Plaintiff, Waterfront Family Pharmacy, LLC is a West Virginia limited liability company. Plaintiff is a West Virginia citizen and is a "Pharmacy" within the meaning of the *West Virginia Pharmacy Audit Integrity Act*.

2. Defendant OptumRX, Inc. ("OptumRX") is a California corporation, with its principal place of business at 11000 Optum Circle, Eden Prairie, Minnesota. OptumRX is a pharmacy benefits manager ("PBM") licensed to do business in West Virginia and is therefore subject to the obligations of the *West Virginia Pharmacy Audit Integrity Act*.

3. Defendant Express Scripts, Inc. ("Express Scripts") is a Delaware corporation, with its principal place of business located at 1 Express Way, St. Louis, Missouri. Express Scripts is a

pharmacy benefits manager ("PBM") licensed to do business in West Virginia and is therefore subject to the obligations of the *West Virginia Pharmacy Audit Integrity Act*.

4. Defendant Caremark PHC, LLC d/b/a CVS Caremark ("Caremark") is a Delaware limited liability company, with its principal place of business at 1 CVS Drive, Woonsocket, Rhode Island. Defendant Caremark is a wholly owned subsidiary of CVS Health Corporation, which is a Delaware corporation, with its principal place of business located at 1 CVS Drive, Woonsocket, Rhode Island. Caremark is a pharmacy benefits manager ("PBM") licensed to do business in West Virginia and is therefore subject to the obligations of the *West Virginia Pharmacy Audit Integrity Act*.

5. Defendant Humana Pharmacy Solutions, Inc. ("Humana") is a Kentucky corporation, with its principal place of business at 500 West Main Street, Louisville, Kentucky. Defendant Humana is a pharmacy benefits manager ("PBM") licensed to do business in West Virginia and is therefore subject to the obligations of the *West Virginia Pharmacy Audit Integrity Act*.

### JURISDICTION AND VENUE

6. Jurisdiction is proper in this Court under 28 U.S.C. § 1332(a) because the parties are completely diverse and the amount-in-controversy exceeds $75,000, exclusive of interest and costs.

7. Supplemental jurisdiction to adjudicate issues pertaining to State law is proper in this Court under 28 USC § 1367.

8. Venue is proper in this Court under 28 USC § 1391, because a substantial part of the events that give rise to Plaintiff's claims took place within the district and the Defendants conduct business in this district.

**ALLEGATIONS**

9.      The *West Virginia Pharmacy Audit Integrity Act* (the "Act") was originally passed by the West Virginia Legislature and enacted into law on June 4, 2018.

10.      The Act which regulates the conduct of PBM's, including the Defendants, has been amended from time to time.

11.      In 2021, the West Virginia Legislature passed into law an amendment to the Act, particularly *West Virginia Code* § 33-51-9(f).

12.      *West Virginia Code* § 33-51-9(f) makes it illegal for the Defendants to "reimburse a pharmacy or pharmacist for a prescription drug or pharmacy service in an amount less than the amount the [PBM] reimburses itself or an affiliate for the same prescription drug or pharmacy service."

13.      Since the Act was amended in 2021, the Defendants have intentionally, willfully, systematically, and with fraudulent intent engaged in an illegal scheme to violate *West Virginia Code* § 33-51-9(f) by reimbursing their own affiliated pharmacies for prescription drugs and pharmacy services at rates much higher than the rates at which they have reimbursed the Plaintiff for the same prescription drugs and pharmacy services.

14.      The purpose of the Defendants' illegal scheme to violate the Act was/is to steal money from Plaintiff and unjustly enrich themselves.

15.      In furtherance of their illegal scheme, the Defendants, and each of them, have undertaken a number of activities to cover up and fraudulently conceal their illegal activities all for the purpose of frustrating Plaintiff's ability to detect their illegal activities and enforce their rights under the Act.

3

16.     The Act, particularly *West Virginia Code* § 33-51-12(d) requires the Defendants and all PBM's to post on their websites significant quarterly reporting of their activities, which would expose their illegal activity.

17.     *West Virginia Code* § 33-51-12(d) was enacted in 2021.  To date, all of the Defendants have refused to post the necessary reporting on their websites.

18.     The reason the Defendants have refused to report as required by the Act is to hide their illegal activity from Plaintiff and others in furtherance of their scheme to steal from the Plaintiff and unjustly enrich themselves.

19.     In furtherance of their illegal scheme to violate *West Virginia Code* § 33-51-9(f), the Defendants, and each of them, have imposed unconscionable adhesive contracts upon which they have utilized specifically to violate the Act and to conceal those violations from the Plaintiff.

20.     In furtherance of their illegal scheme the Defendants, and each of them, refuse to make copies of these adhesive contracts available to the Plaintiff.

21.     The purpose of Defendants' refusal to let Plaintiff have copies of the adhesive contract(s) is to fraudulently conceal their illegal scheme from Plaintiff.

22.     In furtherance of the illegal scheme, upon information and belief, the adhesive contracts contain broad and onerous choice of law provisions and arbitration clauses. These choice of law provisions deprive Plaintiff of its rights under the Act by requiring adjudication of any dispute under a state's law other than West Virginia and arbitration in a state other than West Virginia.

23.     The Defendants use of the adhesive contracts are in furtherance of the illegal scheme to deprive Plaintiff of its rights by precluding the Plaintiff from enforcing its rights and protection

under *West Virginia Code* § 33-51-9(f) and permitting the Defendants, and each of them, to violate the law, unjustly enriching themselves in violation of the statutes and public policy of West Virginia.

24.     In furtherance of their illegal scheme, the Defendants, and each of them, have imposed their adhesive contracts on the Plaintiff in spite of their knowledge that the United States Supreme Court has held such contracts to be unenforceable as a matter of law.  Am. Express Co. v. Italian Colors Rest., 570 U.S. 228, 133 S. Ct. 2304 (2013); Preston v. Ferrer, 552 U.S. 346, 128 S. Ct. 978 (2008).

25.     In furtherance of their illegal scheme, the Defendants and each of them, have utilized and surreptitiously used the adhesive contracts to illegally violate their obligations and Plaintiff's rights under *West Virginia Code* § 33-51-9(f) thereby utilizing the adhesive contracts for an illegal purpose.

26.     Defendants have utilized and surreptitiously used their adhesive and unconscionable contracts to illegally violate Plaintiff's rights under the Act thereby utilizing the adhesive contracts for an illegal purpose. The Adhesive Contracts are therefore void.  Cimino v. Bd. of Educ., 210 S.E.2d 485, 489-90 (W. Va. 1974).

27.     The Defendants unconscionable actions in the use of these adhesive contracts to unjustly enrich themselves and steal millions of dollars from the Plaintiff by violating the Act renders the contract void as unconscionable.

28.     The Defendants illegal and unconscionable conduct has damaged the Plaintiff.

29.     The Defendants illegal and unconscionable conduct has and is irreparably harming the Plaintiff.

5

**COUNT I**
**Violation of the West Virginia Pharmacy Audit Integrity Act**
*West Virginia Code 33-51-9(f)*

30.     Plaintiff realleges the allegations above as if fully set forth herein.

31.     The West Virginia Pharmacy Audit Integrity Act makes it illegal for a PBM to "reimburse a pharmacy or pharmacist for a prescription drug or pharmacy service in an amount less than the amount the [PBM] reimburses itself or an affiliate for the same prescription drug or pharmacy service." *West Virginia Code § 33-51-9(f).*

32.     Defendants have reimbursed their affiliated pharmacies at rates higher than they reimbursed Plaintiff for the same prescription drugs and/or pharmacy services.

33.     By doing so, in flagrant contravention of the Act, Defendants have unjustly enriched themselves millions of dollars and caused Plaintiff irreparable harm and damages.

**COUNT II**
**Declaratory Judgment**
*28 U.S.C. § 2201*

34.     Plaintiff realleges the allegations above as if fully set forth herein.

35.     Plaintiff asks the Court to declare:

a.      *West Virginia Code* § 33-51-9(f) creates a legal obligation on Defendants to reimburse Plaintiff in an amount no less than they reimburse themselves or their affiliates;

b.      *West Virginia Code* § 33-51-9(f) creates a right in Plaintiff to be reimbursed in an amount no less than Defendants' reimburse themselves and/or affiliates; and

c.      Any contract by Defendants which purports to require Plaintiff to arbitrate this claim under a law other than *West Virginia Code* § 33-51-9(f) is void and unenforceable.

6

## PRAYER FOR RELIEF

WHEREFORE, based on the foregoing, Plaintiff Waterfront Family Pharmacy, LLC, requests

that judgment be entered in its favor and against Defendants in the following respects:

1. Injunctive relief enjoining Defendants from continually and prospectively violating *West Virginia Code* § 33-51-9(f) by entering an order requiring Defendants to comply with the Act in its entirety;

2. Injunctive relief ordering Defendants to adhere to the requirements of *West Virginia Code* § 33-51-12(d) by publishing their required reports on the publicly available websites for a period of at least 24 months;

3. Declaratory relief as set forth in Count II above;

4. Compensatory damages, in an amount to be determined by a jury;

5. Punitive damages, to the extent warranted by the facts and applicable law;

6. Pre-judgment and post-judgment interest, as allowed by law;

7. Attorneys' fees, costs, and expenses incurred in relation to this action; and

8. Any other relief deemed appropriate by this Court.

**WATERFRONT FAMILY PHARMACY LLC,**

**Plaintiff,**

**By Counsel:**


*/s/Stephen B. Farmer*
STEPHEN B. FARMER (WVSB No. 1165)
MATTHEW H. NELSON (WVSB No 10140)
CHRISTIAN A. HUFFMAN (WVSB No. 14205)
FARMER, CLINE & CAMPBELL, PLLC
746 Myrtle Road (25314)
Post Office Box 3842
Charleston, West Virginia 25338
(304) 346-5990